FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS d/b/a DOSMAN FARMS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, <br><br> Defendant. | No. 4:20-cv-05036-SMJ <br><br> **ORDER TO AMEND OR VOLUNTARILY DISMISS AND DENYING MOTION FOR INJUNCTION WITH LEAVE TO RENEW** |

On February 25, 2020, Plaintiff filed a "Complaint and Request for Injunctive Relief and Restraining Order," ECF No. 1. Plaintiff appears to challenge Defendant United States Department of Interior's land leasing practices, alleging it fails to comply with the competition and notice requirements in the Federal Grant and Cooperative Agreement Act (FGCAA), the Competition in Contracting Act (CICA), and the Administrative Procedures Act (APA). *Id.* Plaintiff also makes unclear allegations related to Defendant's conduct in removing an irrigation system and seeding property and regarding a Freedom of Information Act (FOIA) request Plaintiff asserts he submitted to Defendant. *Id.* at 2. Plaintiff also filed a "Motion for Injunctive Relief Expedited Relief Requested and Bid Protest." ECF No. 9.

ORDER TO AMEND OR VOLUNTARILY DISMISS AND DENYING
MOTION FOR INJUNCTION WITH LEAVE TO RENEW – 1

Plaintiff also filed an application for leave to proceed *in forma pauperis*, ECF No. 2. The Court subsequently denied Plaintiff's application with leave to renew, and denied Plaintiff's renewed application, again with leave to renew. ECF Nos. 4, 10 & 11. The Court has also denied Plaintiff's request for temporary restraining order within the Complaint. ECF No. 5. For the reasons discussed below, the Court orders Plaintiff to amend or voluntarily dismiss the Complaint.

## LEGAL STANDARD

When a *pro se* litigant seeks to proceed *in forma pauperis*, the Court must screen the complaint under 28 U.S.C. § 1915(e)(2) to determine legal sufficiency.[1] The Court must dismiss the action if it is "frivolous or malicious;" "fails to state a claim upon which relief can be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"The language of section 1915(e)(2), as it applies to dismissals for failure to state a claim, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). A claim is legally frivolous when

---

[1] "Although §§ 1915 and 1915A reference 'prisoners,' they are not limited to prisoner suits. Therefore, a court has an obligation to review a complaint filed by any person proceeding in forma pauperis." *Buchinger v. County of Spokane*, No. CV-08-0388-EFS, 2009 WL 537511, at *1 (E.D. Wash. Feb. 27, 2009) (citations omitted) (citing *United States v. Floyd*, 105 F.3d 274, 276 (6th Cir. 1997), *modified on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1997)).

ORDER TO AMEND OR VOLUNTARILY DISMISS AND DENYING MOTION FOR INJUNCTION WITH LEAVE TO RENEW – 2

it lacks arguable substance in law and fact. *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The frivolity standard is similar to the test for dismissal of *pro se* complaints for failure to state a claim. *Franklin*, 745 F.2d at 1228.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 678 (internal quotation marks omitted).

While the Court draws all reasonable inferences in Plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), it need not accept "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal quotation marks and brackets omitted). In other words, mere legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

//

//

ORDER TO AMEND OR VOLUNTARILY DISMISS AND DENYING MOTION FOR INJUNCTION WITH LEAVE TO RENEW – 3

# DISCUSSION

**A.   Plaintiff has failed to establish standing to bring his claims**

The jurisdiction of the federal courts is limited by the United States Constitution to justiciable "Cases" and "Controversies." U.S. Const. art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish standing, a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of the threshold standing inquiry. *Spokeo, Inc.*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Plaintiff does not directly allege that he has been injured in any way by Defendant's allegedly unlawful actions, nor do Plaintiff's minimal, vague assertions suggest he has suffered any injury. *See* ECF No. 1. Plaintiff makes a vague reference to "all prejudiced farmers nationally," but does not indicate

whether he falls into this group or describe how he was "prejudiced." ECF No. 1 at 3. Plaintiff also asserts that Defendant wasted taxpayer funds in seeding land after removing an irrigation system. ECF No. 1 at 3. However, even if the Court were to infer from this allegation an attempt to establish standing as to a claim for alleged waste of funds, Plaintiff's taxpayer status is insufficient to establish standing. *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) ("Absent special circumstances, however, standing cannot be based on a plaintiff's mere status as a taxpayer."). As such, Plaintiff has failed to establish standing and this Court lacks jurisdiction over the Complaint.

**B.    The Complaint fails to comply with Federal Rule of Civil Procedure 8**

The current structure of the Complaint makes it difficult to determine how Plaintiff alleges Defendant acted unlawfully. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." *Dobshinsky v. High Desert State Prison*, 332 Fed. App'x. 427, 428 (9th Cir. 2009) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).

ORDER TO AMEND OR VOLUNTARILY DISMISS AND DENYING MOTION FOR INJUNCTION WITH LEAVE TO RENEW – 5

In the Complaint, Plaintiff presents a single section titled "Nature of Action" and a request for relief. ECF No. 1. Under Nature of Action, Plaintiff sets forth mixed factual allegations, legal contentions, and legal conclusions with limited citations to laws Plaintiff asserts were violated. *See* ECF No. 1 at 1–3. For example, Plaintiff states "this action centers on the fact that the [Department of the Interior] does nothing to make the leasing of use of its hundreds of thousands of acres of farm land leased to private entities compliant with any contracting or financial assistance law." *Id.* at 1. Plaintiff later identifies the FGCAA, the CICA, and the APA and alleges Defendant has failed to comply with the requirements of these provisions. *Id.* at 1–2. However, with the exception of claiming that Defendant failed to post notices of opportunities for farming on www.fbo.gov or www.grants.gov, Plaintiff does not describe how Defendant failed to comply with these acts. *Id.*

Plaintiff also makes allegations related to a Freedom of Information Act (FOIA) request he submitted. ECF No. 1 at 2. Plaintiff asserts Defendant unlawfully withheld documents responsive to Plaintiff's FOIA request but does not clearly state whether he is asserting a claim for failure to comply with FOIA or is merely presenting these factual assertions as background information. *See id.* In any amended complaint, Plaintiff should describe Defendant's allegedly unlawful conduct with particularity, clearly identify specific claims against Defendant, and

identify the legal basis for each claim.

**C.     The Complaint fails to state a claim on which relief can be granted**

From the Court's understanding of the Complaint, the crux of Plaintiff's Complaint is a challenge to Defendant's leasing practices based on alleged failure to comply with the competition and notice requirements in the FGCAA and the CICA and failure to comply with the notice requirements of the APA. ECF No. 1. However, Plaintiff's broad assertions that the DOI's conduct is illegal are legal conclusions that the Court need not accept as true. *Iqbal*, 556 U.S. at 679. Plaintiff presents almost no factual allegations in support of his contention, and he fails to identify specific laws that Defendant allegedly violated. *See* ECF No. 1 at 1–2. If Plaintiff elects to file an amended complaint, he must (1) clearly lay out factual allegations regarding Defendant's specific conduct that Plaintiff alleges was illegal, including, to the extent he is able, any specific dates or date ranges on which said conduct occurred, (2) specifically identify each separate claim for relief, and (3) explain the legal theory on which Plaintiff is basing each claim against Defendant.

**D.     Plaintiff has not shown that Defendant has been properly served**

As of the date of this order, Plaintiff has not filed proof that Defendant either has been properly served with the summons and Complaint or waived service. Although Plaintiff included a page titled "Proof of Service," this merely indicates

Plaintiff personally delivered a copy of the Summons to Rudy J. Verschoor. ECF No. 8. First, Plaintiff, as a party to this action, is not authorized to effectuate service. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Second, Plaintiff has not shown that Defendant was served with a copy of the Complaint. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Finally, under Federal Rule of Civil Procedure 4(i), personal service on Rudy J. Verschoor is insufficient to effect service of process. *See* Fed. R. Civ. P. 4(i)(2) ("To serve a United States agency or corporation, . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."); Fed. R. Civ. P. 4(i)(1) (describing requirements for service on the United States).

**E.  Plaintiff's Motion for Injunctive Relief fails to establish that Plaintiff is entitled to a preliminary injunction**

On April 7, 2020, Plaintiff submitted a "Motion for Injunctive Relief Expedited Relief Requested and Bid Protest." ECF No. 9. Plaintiff seeks unclear injunctive relief against Defendant. *See* ECF No. 9 at 1 (seeking "injunctive relief for all farmland offered for all farming service or operations on Department of Interior (DOI) controlled lands nationally for 2020, including but not limited to the attached letter . . . noticing an offering . . ."); *id.* at 3 (requesting "injunctive relief

to maintain the status quo, provide national public notice opportunities (if any) and prevent unlawful activity while a procurement contract or FGCAA award can be properly protested . . .”). It appears Plaintiff may be seeking to enjoin an award of the Cooperative Agricultural Opportunity described in the attached Exhibit A. ECF No. 9 at 4.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, a plaintiff may also obtain a preliminary injunction by showing that there are "serious questions going to the merits" and that the balance of hardships tips "sharply" in his favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff has presented no arguments on any of these factors in his Motion for Injunctive Relief. *See* ECF No. 9. Moreover, because the Complaint fails to establish that Plaintiff has standing to bring this suit, the Court cannot find that Plaintiff is likely to succeed on the merits. As such, a preliminary injunction is not appropriate at this time. *See Carter Hawley Hale Stores, Inc. v. Limited, Inc.*, (finding a plaintiff who lacked standing "obviously cannot" show fair chance of success on the merits).

ORDER TO AMEND OR VOLUNTARILY DISMISS AND DENYING MOTION FOR INJUNCTION WITH LEAVE TO RENEW – 9

# OPPORTUNITY TO AMEND OR
# VOLUNTARILY DISMISS COMPLAINT

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Within **sixty (60) days** of the date of this Order, Plaintiff may submit an amended complaint including sufficient facts to establish that he has standing to bring this suit and to state a claim upon which relief may be granted.

Plaintiff's amended complaint shall consist of a **short** and **plain** statement showing he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) How Plaintiff has been injured or will imminently be injured by Defendant's conduct;

(2) Defendant's specific conduct that Plaintiff alleges was illegal, including, to the extent possible, any specific dates or date ranges on which said conduct occurred;

(3) the individual claims for relief against Defendant; and

(4) the legal theory on which Plaintiff is basing **each** claim against Defendant.

THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT. Plaintiff may present his amended complaint on the form

provided by the Court in the Pro Se Packet available for download at https://www.waed.uscourts.gov/civil-forms. The amended complaint must be legibly rewritten or retyped in its entirety, should be an original and not a copy, and may not incorporate any part of the original complaint by reference. **IT MUST BE CLEARLY LABELED "FIRST AMENDED COMPLAINT" and case number 4:20-cv-05036-SMJ must be written in the caption. PLAINTIFF IS CAUTIONED THAT IF HE FAILS TO AMEND HIS COMPLAINT WITHIN SIXTY (60) DAYS AS DIRECTED, THE COURT MAY DISMISS IT UNDER 28 U.S.C. §§ 1915(e)(2).**

Alternatively, the Court will permit Plaintiff to voluntarily dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(a). Plaintiff may submit the attached Motion to Voluntarily Dismiss Complaint within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915(e)(2).

## CONCLUSION

Liberally construing the allegations of the Complaint, the Court has identified numerous deficiencies which prohibit the case from proceeding. Should Plaintiff wish to pursue this matter further, he must file an amended complaint, adhering to the instructions set out above. Alternatively, Plaintiff may choose to voluntarily dismiss this action. If Plaintiff fails to take action within sixty days of the entry of this Order, the Court will dismiss the matter for lack of subject matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's "Motion for Injunctive Relief Expedited Relief Requested and Bid Protest," **ECF No. 9**, is **DENIED** with leave to renew.

**2.** Plaintiff is ordered to amend or voluntarily dismiss as described above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff.

**DATED** this 7th day of May 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER TO AMEND OR VOLUNTARILY DISMISS AND DENYING MOTION FOR INJUNCTION WITH LEAVE TO RENEW – 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS d/b/a DOSMAN FARMS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR,<br><br>Defendants. | No.   4:20-cv-05036-SMJ<br><br>**MOTION TO VOLUNTARILY DISMISS COMPLAINT** |

Plaintiff Jay Hymas d/b/a Dosman Farms requests the Court grant his Motion to Voluntarily Dismiss Complaint under Federal Rule of Civil Procedure 41(a). Plaintiff is proceeding *pro se*. Defendant has not filed and answer or a motion for summary judgment.

**DATED** this _____ day of _____ 2020.

_____
Jay Hymas d/b/a Dosman Farms

MOTION TO VOLUNTARILY DISMISS – 1