FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jul 13, 2020**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS d/b/a DOSMAN FARMS,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR,<br><br>     Defendant. | No. 4:20-cv-05036-SMJ<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT, DENYING MOTION FOR HEARING, AND DENYING MOTION FOR DEFAULT JUDGMENT** |

Before the Court, without oral argument, are Plaintiff's June 2, 2020 letter to the Court, which the Court liberally construes as a motion for hearing, ECF No. 17, and Plaintiff's Motion for Default Judgment, ECF No. 18. Plaintiff requests "an oral hearing so that [he] can understand what the [C]ourt is seeking" in the Order to Amend or Voluntarily Dismiss and Denying Motion for Injunction with Leave to Renew, ECF No. 12. ECF No. 17. Plaintiff also seeks default judgment against Defendant because it has failed to answer his Complaint. ECF No. 18. Defendant opposes default judgment because it has not been properly served with the Complaint and Summons and because Plaintiff's Complaint has not survived screening under 28 U.S.C. § 1915(e)(2). ECF No. 19. Having reviewed the motions

ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED
COMPLAINT, DENYING MOTION FOR HEARING, AND DENYING
MOTION FOR DEFAULT JUDGMENT – 1

and the file in this matter, the Court is fully informed and denies the motions, but grants Plaintiff additional time to amend or voluntarily dismiss his Complaint.

On February 25, 2020, Plaintiff filed a "Complaint and Request for Injunctive Relief and Restraining Order," ECF No. 1. The Court denied Plaintiff's request for a temporary restraining order included within the Complaint. ECF No. 5. Plaintiff also filed an application for leave to proceed *in forma pauperis*, ECF No. 2. The Court denied Plaintiff's application with leave to renew, and subsequently denied Plaintiff's renewed application, also with leave to renew. ECF Nos. 4, 10 & 11. On May 21, 2020, the Court granted in part Plaintiff's second renewed application and set a partial fee, on which Plaintiff is seeking reconsideration. ECF Nos. 13, 14 & 19. Plaintiff filed a motion for injunctive relief, which the Court denied on May 7, 2020. ECF Nos. 9, 12. Also on May 7, 2020, the Court issued an Order identifying multiple deficiencies in Plaintiff's Complaint and directed him to amend or voluntarily dismiss the Complaint. ECF No. 12.

Plaintiff now seeks a hearing to obtain clarification regarding the deficiencies in his Complaint and how he can correct those deficiencies. ECF No. 17. Plaintiff also asserts he is "hampered in not knowing what the position of the Defendant is regarding how it 'leases' . . . farm land each year." *Id.* Plaintiff indicates his Complaint would be improved if he "knew exactly what legal mechanism(s) the Defendant is using to 'lease' this real property." *Id.*

ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT, DENYING MOTION FOR HEARING, AND DENYING MOTION FOR DEFAULT JUDGMENT – 1

The Court's Order directing Plaintiff to amend or voluntarily dismiss the Complaint clearly sets forth specific deficiencies, each of which Plaintiff must remedy to avoid dismissal. *See* ECF No. 12. As such, a hearing is not warranted. Plaintiff also asserts that to amend his Complaint, he would like information from Defendant that would appropriately be obtained through the process of discovery. This request ignores both the screening requirements of 28 U.S.C. § 1915(e)(2)(B) and the deficiencies in service of process described in the Order to amend or voluntarily dismiss, ECF No. 12. As such, Plaintiff's construed Motion for Hearing is denied. However, due to Plaintiff's *pro se* status, the Court will provide him an extension of time to prepare an Amended Complaint or voluntarily dismiss this action.

Plaintiff also seeks default judgment against Defendant. ECF No. 18. Default judgment by the Clerk is only available "against a defendant who has been defaulted for not appearing" under Rule 55(a). Fed. R. Civ. P. 55(b); LCivR 55 ("Obtaining a default judgment is a two-step process: (1) a party must first file a motion for entry of default and obtain a Clerk's Order of Default, and (2) a party must then file a motion for default judgment."). Further, default judgment is not available against a defendant who has not been properly served. *See* Fed. R. Civ. P. 55(a)–(b); *see also Hicks v. Kuula*, No. 05-5137 FDB, 2005 WL 8173059, at *1 (W.D. Wash. Aug. 3, 2005) ("It is axiomatic that service of process must be effective under the Federal

ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT, DENYING MOTION FOR HEARING, AND DENYING MOTION FOR DEFAULT JUDGMENT – 1

Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."). Plaintiff has not sought entry of default against Defendant. Moreover, as described in the Order to amend or voluntarily dismiss, Plaintiff has not shown he has properly served Defendant with the Summons and Complaint. Entry of default or default judgment are therefore inappropriate at this time. *See* Fed. R. Civ. P. 55(a); LCivR 55.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's construed Motion for Hearing, **ECF No. 17**, is **DENIED**.

**2.** Plaintiff's Motion for Default Judgment, **ECF No. 18**, is **DENIED**.

**3.** The deadline to amend or voluntarily dismiss shall be **RESET** to **September 8, 2020**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff.

**DATED** this 13th day of July 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT, DENYING MOTION FOR HEARING, AND DENYING MOTION FOR DEFAULT JUDGMENT – 1