FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY HYMAS, d/b/a DOSMAN FARMS,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR,<br><br>            Defendant. | No. 4:20-CV-5036-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**ECF No. 57** |

Before the Court is Defendant's Motion to Dismiss. ECF No. 57. On September 16, 2024, the Court held a hearing on the motion. Plaintiff appeared *pro se*. Assistant United States Attorney John T. Drake appeared for Defendant. For the reasons below, the Court grants the motion.

## BACKGROUND

Following the Court's instruction to either amend or voluntarily dismiss his original Complaint, *see* ECF No. 12, Plaintiff filed the operative First Amended Complaint on July 18, 2024. ECF No. 56.

ORDER - 1

1     Plaintiff asserts three claims.  In "Claim 1," Plaintiff appears to challenge

2  Defendant's land leasing practices, alleging Defendant failed to comply with the

3  competition and notice requirements in the Competition in Contracting Act

4  (CICA), the Federal Grant and Cooperative Agreement Act (FGCAA), and the

5  Administrative Procedures Act (APA).  ECF No. 56 at 1-3.  In "Claim 2," Plaintiff

6  alleges he requested, pursuant to the Freedom of Information Act (FOIA),

7  unspecified documentation "to investigate legal abuses[.]" *Id*. at 3.  Plaintiff

8  alleges, without further elaboration, "documents have been unlawfully withheld"

9  from a series of apparent FOIA requests, and "seeks the oversight authority of this

10 court to require the DOI to comply with these FOIA requests that are years

11 overdue."  *Id*.  In "Claim 3," Plaintiff "claims a false claim under the False

12 Claim[s] Act (FCA)," relating to Defendant's conduct in removing an irrigation

13 system on and seeding the McNary Wildlife Refuge.  *Id.* at 3-4.  Plaintiff alleges

14 Defendant "waste[d] over $100,000[.]"  *Id*. at 3.

15    Defendant moved to dismiss on July 31, 2024, arguing, among other things,

16 Plaintiff's First Amended Complaint should be dismissed for failure to state a

17 claim.[1]  ECF No. 57 at 6-12.

18

19 [1] Defendant also argues the Court should dismiss Plaintiff's claim relating to the

20 alleged waste of $100,000 for lack of standing and dismiss the entirety of the

ORDER - 2

**LEGAL STANDARD**

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

---

Amendment Complaint for failure to comply with Fed. R. Civ. P. 8(a)(2). ECF No. 57 at 4-6. The Court declines to do so. It is not apparent that Plaintiff raises a "taxpayer standing" theory, as Defendant argues, *see id.* at 4, but rather an FCA claim, *see* ECF No. 56 at 3-4. Further, the Court is of the view it is appropriate to assess the sufficiency of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

ORDER - 3

Because Plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).

## DISCUSSION

**A. CICA, FGCAA, and APA Claim**

Plaintiff appears to assert a claim arising under the CICA, FGCAA, and APA. ECF No. 56 at 1-3. The Court previously found as factually insufficient Plaintiff's challenge to "Defendant's leasing practices based on alleged failure to comply with the competition and notice requirements of the FGCAA and the CICA and failure to comply with the notice requirements of the APA." ECF No. 12 at 7. The Court directed Plaintiff to "(1) clearly lay out factual allegations regarding Defendant's specific conduct that Plaintiff alleges was illegal, including, to the extent he is able, any specific dates or date ranges on which said conduct occurred, (2) specifically identify each separate claim for relief, and (3) explain the legal theory on which Plaintiff is basing each claim against Defendant." *Id*.

"Claim 1" in the First Amended Complaint, however, is nearly identical to the text of the Original Complaint. *Compare* ECF No. 56 at 1-3, *with* ECF No. 1 at 1-2. In his First Amended Complaint, Plaintiff added only the following allegations: "The legally required noticing and competition for these opportunities is wholly lacking. … The CICA requires competition and the FGCAA requires, at a minimum, the encouragement of competition. The DOI farm leases are executed

ORDER - 4

without competition.  These deficiencies are violations of law actionable by this court. … Despite these promises and the issuance of a new method to enter into agreements with farmers to lease federal lands via 620 FW 2, the legally required noticing and competition remains absent.  Further there is no evidence that the agreements assist farmers in wildlife conservation." ECF No. 56 at 1-2.

As Defendants correctly point out, *see* ECF No. 60 at 3, the Federal Circuit, in a case brought by Plaintiff against Defendant, squarely decided that Defendant's lease agreements at issue are "cooperative agreements," and not "procurement contracts," and thus are not subject to the "requirements of federal procurement law." *Hymas v. United States*, 810 F.3d 1312, 1317-24, 1329 (Fed. Cir. 2016); *see Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992) ("The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment.").  This Court has recognized as much in a related case.  *See Hymas v. United States Dep't of Interior*, No. 4:16-CV-5091, 2017 WL 3258716 at *3, *4-6, (E.D. Wash., March 20, 2017).  The Court thus concludes this claim is barred by the doctrine of issue preclusion. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under [issue preclusion], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a different cause of action involving a party to the first case."); *Greater Los Angeles Council on Deafness, Inc. v. Baldrige*, 827

ORDER - 5

F.2d 1353, 1360 (9th Cir. 1987) ("Issue preclusion bars the relitigation of all issues that were litigated in a prior proceeding, even if the second proceeding is an action on a claim different from the one asserted in the first action.") (citing *Shaw v. State of California Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 605 (9th Cir. 1986)).

Plaintiff also appears to challenge, under the APA, Defendant's implementation and execution of a policy – 620 FW 2 – promogulated after the Federal Circuit's decision. ECF No. 56 at 2. This claim does not withstand scrutiny under Fed. R. Civ. P. 12(b)(6). Plaintiff alleges, without further elaboration, "there has been no compliance with public noticing" and "the legally required noticing and competition remains absent." *Id*.; *see* ECF No. 12 at 6 (concluding identical allegations failed to satisfy Fed. R. Civ. P. 8(a)(2)). Plaintiff fails to allege with any specificity the agreements he broadly asserts violate Defendant's 620 FW 2 policy. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (quoting *Twombly*, 550 U.S. at 556). Further, as pled in his Original Complaint, *see* ECF No. 1 at 2, Plaintiff repeats his admission that he is "currently unable to specify all APA violations because it is not known what method of leasing or lawful authority is being used or claimed by [Defendant]." ECF No. 56 at 2. He adds, however, that "APA

ORDER - 6

1  violations would include the requirements of 2 USC 200, Parts 515 thru 529 of the
2  Fish and Wildlife Service (FWS) Service Manual and the Financial Assistance
3  requirements of the DOI's Department Manual (i.e., parts 205 and 505 of the
4  Departmental Manual)." *Id*. at 2-3.  This is insufficient to state a claim.  *See Iqbal*,
5  556 U.S. at 678 ("While legal conclusions can provide the framework of a
6  complaint, they must be supported by factual allegations.").

7  Because Plaintiff again failed to "clearly lay out factual allegations
8  regarding Defendant's specific conduct that Plaintiff alleges was illegal" and
9  "explain the legal theory on which Plaintiff is basing" this claim, *see* ECF No. 12
10 at 7, the Court concludes Plaintiff failed to state a claim upon which relief can be
11 granted.  "Claim 1" is accordingly dismissed.

12 **B.  FOIA Claim**

13 Plaintiff next appears to assert a FOIA claim.  ECF No. 56 at 3.  Styled as
14 "Claim 2" in the First Amended Complaint is identical to the text of Original
15 Complaint, with only the following added: "Plaintiff seeks the oversight authority
16 of this court to require the DOI to comply with these FOIA requests that are years
17 overdue.  FOIA requests are due within 20 days.  This court has oversight for
18 FOIA requests, see *Open America v. Watergate Special Prosecution Force,* 541
19 F.2d 605." *Id.*; *compare id.*, *with* ECF No. 1 at 2.
20

ORDER - 7

FOIA provides, in relevant part: "On complaint, the district court of the United States in the district in which the complainant resides ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant[.]" 5 U.S.C. § 552(a)(4)(B). "Under this provision, federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal quotations and citation omitted). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Id.*

Plaintiff's FOIA claim fails to allege when his FOIA requests were sent, where he sent his requests, what specific information was sought in the requests and what response Plaintiff received, and how the response was improper. Because Plaintiff has failed to satisfy "each of these criteria," Plaintiff's FOIA claim lacks sufficient facts to support a plausible claim for relief. *Id.* Further, Plaintiff fails to allege he exhausted his administrative remedies under FOIA. *See Corbett v. Transportation Sec. Admin.*, --- F.4th ----, 2024 WL 4128829 (9th Cir. Sept. 10, 2024) ("We have recognized that a requestor can challenge the adequacy of a [FOIA] response in court if she is dissatisfied, but she must 'first exhaust available administrative remedies, including an appeal within the agency.'")

ORDER - 8

(quoting *Aguirre v. U.S. Nuclear Reg. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021)); *In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986) ("Exhaustion of a parties' administrative remedies is required under FOIA before that party can seek judicial review."). Accordingly, Plaintiff's FOIA claim must be dismissed.

### C. FCA Claim

Finally, Plaintiff asserts an FCA claim against "yet unknown individuals within the [DOI]." ECF No. 58 at 1. Plaintiff's FCA claim fails for at least two reasons. First, there is no cause of action under the FCA against either a Federal Government agency or a Federal Government employee. *See United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023) ("The False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, imposes civil liability on any person who presents false or fraudulent claims for payment *to the Federal Government*.") (emphasis added); *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1123 (9th Cir. 2015) (en banc) ("[T]he FCA authorizes private parties, known as 'relators,' to bring civil *qui tam* suits on the government's behalf *against entities who have allegedly defrauded the government*.") (emphasis added). Second, even if Plaintiff had properly asserted a claim arising under the FCA, "a relator cannot pursue a FCA claim pro se." *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 800 n.2 (9th Cir. 2017) (citation omitted); *see Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir.

ORDER - 9

2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain," they may not "proceed pro se in FCA actions."). Accordingly, Plaintiff's FCA claim must be dismissed.

## CONCLUSION

For the reasons explained above, the Court grants Defendant's Motion to Dismiss, ECF No. 57.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 57**, is **GRANTED**.

2. Plaintiff's First Amended Complaint, **ECF No. 56**, is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, enter judgment for Defendant, provide copies to the parties, and **CLOSE THE FILE.**

DATED September 17, 2024.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 10